# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

UNITED STATES OF AMERICA §
§
v. § CRIMINAL ACTION H-17-651-4
§
MELISA DOMINGUEZ *in custody* §

### ORDER

Pending before the court are the following motions, all filed by defendant Melisa Dominguez: (1) motion for copy of all audio recordings and transcripts thereof (Dkt. 176); (2) motion to discover criminal records of defendants (Dkt. 177); (3) motion for government to reveal agreements/concession/leniency/immunity to witnesses (Dkt. 178); (4) motion to dismiss Counts 1, 7, 12, 13, 18, 19, 20, 22 and 27 (Dkt. 179); (5) motion to dismiss Counts 1, 7, 13, 18, 19, 22 and 27 (Dkt. 180); (6) motion for discovery under Rule 16(a) (Dkt. 182); (7) motion to exclude evidence barred by evidence Rule 403 (Dkt. 183); (8) motion to exclude evidence barred by evidence under Rule 404(b) (Dkt. 184); (9) motion to produce tapes or CD-ROMs of conversations recorded by consent or wiretap authorization and bilingual translation transcripts thereof (Dkt. 185); (10) motion for pretrial notice of Rule 404(b) evidence (Dkt. 186); and (11) motion to adopt objections of co-defendants (Dkt. 187). The United States of America (the "Government") has filed a response to these motions in which it states that all of the motions should be denied because they are either meritless or moot. Dkt. 274 at 1. After considering the motions, the Government's response, and the applicable law, the court is of the opinion that the motions at docket entries 179, 180, and 183, should be **DENIED**; the motions at docket entries 176, 178, and 182, should be **GRANTED IN PART AND DENIED IN PART**; and the motions at docket entries 177, 184, 185, 186, and 187 should be **GRANTED AS UNOPPOSED**.

# I.  MOTION FOR COPY OF ALL AUDIO RECORDINGS AND TRANSCRIPTS THEREOF (DKT. 176)

Dominguez moves for an order requiring that the Government produce "a top quality true copy" of the following: "(1) all audio and video recordings made during the investigation in this case on which this Defendant is seen or heard; (2) an index listing the specific time(s) and specific date(s) the Government posits or opines that this Defendant can be so seen or heard; and (3) bilingual transcripts of all such recordings in both the Spanish language and English language where a word, phrase, sentence, or, expression is heard in the Spanish language on the original recording." Dkt. 176.  The Government states that it will provide true copies of all recordings made in this cases as well as transcribed translations of those recordings that are not in English.  Dkt. 274 at 1. However, it objects to the request for "top quality" recordings.  *Id.*

Under Federal Rule of Criminal Procedure 16(a)(1)(B)(i),

> Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
> (i) any relevant written or recorded statement by the defendant if:
> • the statement is within the government's possession, custody, or control; and
> • the attorney for the government knows—or through due diligence could know—that the statement exists . . . .

Fed. R. Crim. P. 16(a)(1)(B)(i).  The rule does not require the Government to make the copies, much less a "top quality" copy.  Thus, the Government's objection to the imposition of a burden to ensure the copies are "top quality" is **SUSTAINED**.  The rule also does not require the Government to list the specific times or dates the defendant can be heard on the recordings.  Dominguez's motion is **GRANTED IN PART AS UNOPPOSED AND DENIED IN PART**.  It is **GRANTED AS UNOPPOSED** to the extent that the Government has already agreed to provide the recordings and

transcripts Dominguez requests.  It is **DENIED** to the extent Dominguez seeks for the court to impose an additional burden on the Government of producing "top quality" copies of the recordings and to the extent Dominguez requests the Government provide her with an index.  The copies the Government provides shall be true and correct copies of the original.

## II.  MOTION TO DISCOVER CRIMINAL RECORDS OF WITNESSES (DKT. 177)

Dominguez requests disclosure of the criminal records of the Government's witnesses.  Dkt. 177.  The Government responds that it will disclose the criminal records of testifying witnesses it intends to call at trial.  Dkt. 274 at 2.  The motion is therefore **GRANTED AS UNOPPOSED.**

## III.  MOTION FOR THE GOVERNMENT TO REVEAL AGREEMENTS/CONCESSION/LENIENCY/IMMUNITY TO TESTIFYING WITNESSES (DKT. 178)

Dominguez requests that the court order the Government to disclose any agreement, concession**,** leniency, and immunity provided to any witnesses that the Government plans to call at trial.  Dkt. 178.  She seeks an order requiring the Government to reveal any deal or agreement "that could conceivably influence said witness' testimony."  *Id.*  As a basis for her request, Dominguez cites *Giglio v. United States*, *Brady v. Maryland*, *Williams v. Dutton*, and *Davis v. Alaska.  Id.*

The Government responds that it intends to comply with its obligations under Rule 16, as well as the requirements of *Brady*, *Giglio*, the Jencks Act, and the U.S. Constitution.  Dkt. 274**.**  The Government agrees to make available any agreements or promises made to the witnesses it intends to call at trial.  *Id.* at 3.  However, the Government opposes Dominguez's request to provide any and all "conceivable" deals made because it argues the term is vague and not rooted in law.  *Id.*

Federal Rule of Criminal Procedure 16 states that a criminal defendant may obtain discovery of items are "material to preparing the defense"; items that the Government "intends to use . . . in

its case-in-chief at trial"; or items that were "obtained from or belong[] to the defendant." Fed. R. Crim. P. 16(a)(1)(E)(i). Under *Brady*, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194 (1963). In *Giglio*, the U.S. Supreme Court extended the "*Brady* rule to evidence affecting the credibility of key government witnesses." *United States v. Davis*, 609 F.3d 663, 696 (5th Cir. 2010) (discussing *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972)). "[W]hen the reliability of a witness is determinative of guilt or innocence, evidence affecting credibility of that witness falls within *Brady*'s rule." *United States v. Navarro*, 169 F.3d 228, 234 (5th Cir. 1999) (citing *Giglio*, 405 U.S. at 154-55).

In *Williams v. Dutton*, the Fifth Circuit noted that *Brady* "imposes an affirmative duty on the prosecution to produce at the appropriate time requested evidence which is materially favorable to the accused either as direct or impeaching evidence." *Williams v. Dutton*, 400 F.2d 797, 800 (1968). The prosecution argued that *Brady* did not apply because there was no showing that the evidence was favorable to the defendant. *Id.* The Fifth Circuit, however, determined that in such circumstances the trial court must determine whether the evidence is favorable *in camera*. *Id.* "The *Dutton in camera* procedure is a suggestion, not a constitutional procedural mandate that the trial judge rummage through all government evidence prior to trial." *United States v. Harris*, 458 F.2d 670, 677 (5th Cir. 1972).

In *Davis v. Alaska*, the U.S. Supreme Court determined that the defendant's right to a meaningful confrontation includes the right to impeach a witness at trial during cross examination with the witness's juvenile record. *Davis v. Alaska*, 415 U.S. 308, 319–20, 94 S. Ct. 1105 (1974).

The Court held that the "State's policy interest in protecting the confidentiality of juvenile offender's record cannot require yielding of so vital a constitutional right as the effective cross-examination of an adverse witness." *Id.* at 320.

These cases do not use the term "conceivably"; they require the Government to disclose any evidence that is "materially favorable." Accordingly, Dominguez's motion is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED AS UNOPPOSED** to the extent that the Government has already agreed to make available any agreements or promises made to the witnesses it intends to call at trial and to comply with the requirement to provide evidence that is "materially favorable." It is **DENIED** to the extent Dominguez uses the term "conceivably" because that is not the recognized legal standard.

### IV. OPPOSED MOTION TO DISMISS COUNT(S) 1, 7, 12, 13, 18, 19, 20, 22 AND 27 (DKT. 179)

Dominguez moves for the court to "make [the] Government . . . elect . . . which conspiracy and substantive counts and/or conviction(s) Defendant will be sentenced on, since the indictment suffers from multiplicity." Dkt. 179. She then "objects to being convicted of"[1] the following: (1) Count 1 Conspiracy as well as Counts 7, 13, 18, 19, 20, and 22, which she contends are lesser included offenses of Count 1; and (2) Count 27, which relates to importation of aliens for immoral purposes, as well as Counts 12, 19, and 20, which she contends are lesser included offenses of Count 1. *Id.* She cites *Ball v. United States*, *Brown v. Ohio*, *Rutledge v. United States*, *Richardson v. United States*, and *United States v. Bazan* in support of her positions. *Id.*

The Government first notes that the "'double jeopardy concerns implicated by multiplicitous counts do not arise unless a defendant is actually *convicted of*, rather than charged with,

_____

[1] Dominguez has not been convicted.

multiplicitous counts.'" Dkt. 274 (quoting *United States v. Josephberg*, 459 F.3d 350, 355–56 (2d Cir. 2006)) (emphasis added). Thus, there is no concern about a violation of the Double Jeopardy Clause due to simultaneous prosecutions; this will not be a concern unless this case reaches the punishment phase. *Id.* The Government concedes that the remedy for the concern over punishment for multiplicitous counts is dismissal of the count that creates the multiplicity, but it asserts that "the remedy is not to dismiss counts in the indictment but to allow the jury to deliberate with the proper jury instructions." *Id.* It points out that if the jury still returns convictions on both counts, the court could dismiss the count that created the multiplicity at that point. *Id.* The Government argues that "because the convictions complained of have yet to occur, and because a remedy can be fashioned at the time of the charge conference, the motion is premature and should be dismissed due to a lack of ripeness." *Id.* The Government also argues that Counts 7, 12, 13, 18, 19, 20, 22, and 27 are not multiplicitous or lesser included offenses of Count 1. Dkt. 274.

The first case relied upon by Dominguez, *Ball v. United States*, considers whether "a felon possessing a firearm may be convicted and concurrently sentenced under 18 U.S.C. § 922(h)(1), for receiving that firearm, and under 18 U.S.C. App. § 1202(a)(1) for possessing the same weapon." *Ball*, 470 U.S. 856, 857, 105 S. Ct. 1668 (1985). The *Ball* defendant was charged on both counts, which both rested on the same conduct. *Id.* He was then convicted on both counts and sentenced to consecutive terms of imprisonment. *Id.* at 857–58. The defendant challenged the validity of the consecutive sentences on appeal. *Id.* at 858. When the case reached the U.S. Supreme Court, the Court noted that it was "clear that a convicted felon may be prosecuted simultaneously for violations of §§ 922(h) and 1202(a) involving the same firearm," and pointed out that the Government has "broad discretion to conduct criminal prosecutions, including . . . power to select the charges to be

brought in a particular case." *Id.* at 859. However, it clarified, to "say that a convicted felon may be prosecuted simultaneously for violation of §§ 922(h) and 1202(a) . . . is not to say that he [or she] may be convicted and punished for two offenses." *Id.* at 861. The Court ultimately concluded that the remedy for the fact that the defendant was convicted under both statutes was to vacate one of the underlying convictions. *Id.* at 864. It then emphasized that the Government "may seek a multiple-count indictment against a felon for violations of §§ 922(h) and 1202(a) involving the same weapon where a single act established the receipt and possession, [but] the accused may not suffer two convictions or sentences on that indictment." *Id.* at 865. The Court instructed that district judges may, if a jury returns guilty verdicts on both counts, enter judgment on only one of the offenses. *Id.*

This case does not help Dominguez as it indicates that the mulitiplicitous counts issue is currently not ripe.

The next case Dominguez relies on is *Brown v. Ohio*. In *Brown*, the defendant was caught joyriding in a vehicle he had stolen nine days earlier—a 1965 Chevrolet. He pled guilty to the crime of joyriding, and he served thirty days in jail. *Brown*, 432 U.S. 1561, 163, 97 S. Ct. 2221 (1977). After he was released, he was indicted for theft of the 1965 Chevrolet and joyriding on the day of the theft (rather than nine days later). *Id.* The defendant objected on double jeopardy grounds, and the state district court overruled his objection. *Id.* The state court of appeals affirmed, finding that the misdemeanor of joyriding was included in the felony of auto theft but found that the two prosecutions were based on two separate acts of the defendant because they occurred on separate days. *Id.* at 164. The state supreme court denied leave to appeal, and the U.S. Supreme Court granted *certiorari*. *Id.*

The U.S. Supreme Court considered whether the *Brown* facts met the test for whether "two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment" stated in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180 (1932):

> "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not . . . ."

*Id.* (quoting *Blockburger*, 284 U.S. at 304). The *Brown* Court determined that if the judge "is forbidden to impose cumulative punishment for two crimes at the end of a single proceeding, the prosecutor is forbidden to strive for the same result in successive proceedings." *Id.* at 166. With regard to the fact that the offenses occurred on separate days, the Court held that the "Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." *Id.* at 169.

Again, this case does not support Dominguez's motion to dismiss. The instant case does not involve successive prosecutions.

Dominguez's third case is *Rutledge v. United States*. The *Rutledge* Court considered whether a district court erred in sentencing a defendant to two concurrent life sentences for convictions of (1) participating in a conspiracy to distribute a controlled substance; and (2) conducting a continuing criminal enterprise. *Rutledge*, 517 U.S. 292, 294, 116 S. Ct. 1241 (1996). The continuing criminal enterprise was distribution of cocaine, and the count charged the defendant with acting in concert with at least five other people. *Id.* at 295. The conspiracy charge involved conspiring with four others to unlawfully distribute cocaine. *Id.* The "overt act" in the conspiracy count was delivery, purchase, or distribution of cocaine. *Id.* The jury found the defendant guilty of both counts, and the

court imposed concurrent life sentences. *Id.* The defendant appealed, asserting that the concurrent life sentences punished him twice for the same offense. *Id.* at 296. The Court found that the conspiracy was a lesser included offense of the continuing criminal enterprise, and that one of the convictions and life sentences must be vacated. *Id.* at 307.

This case again relates to *convictions*, not *charges*, and is thus not on point.

The next case is *Richardson v. United States*. This case is about what the jury must find in order to convict a defendant of a continuing criminal enterprise. *See Richardson*, 526 U.S. 813, 817, 119 S. Ct. 1707 (1999); Dkt. 179. It is unclear how this case supports dismissing any of the counts in the indictment.

The final case Dominguez relies on is *United States v. Bazan*, 807 F.2d 1200, 1205–06 (5th Cir. 1987). Dkt. 179. The *Bazan* defendant was convicted of conspiracy to possess with intent to distribute over one kilogram of cocaine and conspiracy to possess with intent to distribute over fifty kilograms of marijuana. *Bazan*, 807 F.2d at 1205–06. These convictions were both based on a single agreement, and the defendant argued that being convicted of two separate conspiracy counts based on the same agreement violates the Double Jeopardy Clause of the Fifth Amendment. *Id.* at 1206. The Fifth Circuit determined that only one conspiracy was proven, not two, and thus the Double Jeopardy Clause bars conviction for two conspiracies. *Id.* Here, Dominguez has not been convicted of any charges, so *Bazan* is not on point.

The court agrees with the Government that none of these cases stand for the proposition that the court should dismiss counts that may be lesser-included offenses at this stage of the case. While there is a possibility that allowing convictions of some of the charged counts would be impermissible

with other counts, it is not a question that the court need reach at this time.  Dominguez's motion to dismiss multiplicitous counts is **DENIED AS PREMATURE**.

### V. OPPOSED MOTION TO DISMISS COUNT(S) 1, 7, 13, 18, 19, 22 AND 27 (DKT. 180)

Dominguez next moves for an order of dismissal of duplicitous counts or alternatively for an order requiring the Government to elect which offense it expects to prove at trial.  Dkt. 180.  She notes that she is objecting generally to the indictment to avoid waiver under Federal Rule of Criminal Procedure 12(e).  *Id.*  She argues that a "duplicitous [count] is a single count that charges two separate crimes."  *Id.* (citing *United States v. Adesida*, 129 F.3d 846, 849 (6th Cir. 1997)).  She asserts that "duplicitous indictments obscure the specific charges, thereby preventing the jury from separately deciding the issue of guilt or innocence, with respect to each particular offense and creating uncertainty as to whether the defendant's conviction was based on a unanimous jury decision."  *Id.* (citing *United States v. Holley*, 942 F.2d 916, 929 (5th Cir. 1991)).  Additionally, she contends that the duplicitous counts (1) may hinder her ability to argue double jeopardy in any subsequent prosecutions; (2) raise the risk of prejudicial evidentiary rulings during trial; and (3) may prevent appropriate sentencing because the basis of the defendant's conviction is uncertain.  *Id.*  Her objections to duplicity relate generally to the Government incorporating various portions of the indictment by reference into other parts or charged in the conjunctive.  *Id.*

The Government argues that Dominguez's duplicity claims are meritless.  Dkt. 274.  The Government points out that incorporations by reference of allegations in the introductory paragraphs is completely proper.  *Id.*  It notes that reference to the introductory paragraphs does not result in two or more distinct crimes being charged in each of the conspiracy counts and does not lead to the possibility that the jury would render a general verdict when it is unsure as to which specific crime

is being charged in each count. *Id.* Additionally, the Government contends that Dominguez's complaints that the United States charged in the conjunctive and incorporated overt acts into the conspiracy counts is actually permissible, encouraged, and does not constitute duplicative counts. *Id.* Moreover, the Government asserts that even if duplicity were established, the remedy is to fashion an appropriate jury charge, not dismiss the counts. *Id.* (citing *Holley*, 942 F.2d at 916, and distinguishing the other cases cited by Dominguez).

"An indictment may be duplicitous if it joins in a single count two or more distinct offenses." *United States v. Baytank (Houston), Inc.*, 924 F.2d 599, 608 (5th Cir. 1991). "If an indictment is duplicitous and prejudice results, the conviction may be subject to reversal." *Id.* Objections to duplicity must be raised before trial. *Id.* "[I]n determining whether an indictment is duplicative, the inquiry is 'whether [the indictment] can be read to charge only one violation of each count.'" *United States v. Caldwell*, 302 F.3d 399, 407 (5th Cir. 2002). Alleging a conspiracy to commit several crimes in one count is not duplicitous, as "the conspiracy is the crime, and that is one [crime], however diverse its objects." *United States v. Mauskar*, 557 F.3d 219, 225 (5th Cir. 2009) (citations and quotations omitted). Moreover, an indictment is not rendered duplicitous merely because it "alleges more than one means conspirators 'sought to accomplish [a] scheme.'" *Id.* at 226 (quoting *United States v. McDermot*, 58 F.3d 636 (5th Cir. 1995) (unpublished)).

Dominguez objects to what she considers duplicity in Counts 1, 7, 13, 18, and 22, contending that each of these counts incorporates paragraph 2 of the Introduction section, and paragraph 2 relates to *four* distinct crimes: sex trafficking, smuggling illegal aliens into and within the United States, drug trafficking, and the sale of illegal and stolen weapons. Dkt. 180. Count 1 alleges conspiracy to engage in sex trafficking by means of force, threats, fraud, and coercion. Dkt. 1, Count 1. It

begins by incorporating Paragraphs 1 through 26 of the indictment and Counts 2 through 6 of the indictment. *Id.* Paragraph 2 alleges that the members of a criminal organization called Southwest Cholos are engaged in sex trafficking, smuggling, drug trafficking, and the sale of illegal and stolen weapons. *Id.* Counts 7, 13, 18, and 22 similarly at some point incorporate the Introduction, including paragraph 2, while in the process of setting forth the allegations that the defendant engaged in the specific crime discussed in that count. *See id.*, Counts 7, 13, 18, 22. It is clear that the introduction was incorporated into each of these counts to provide background facts and not to allege a crime, as each count labels the specific crime alleged and realleges facts relevant to that specific count. Moreover, to the extent Dominguez is concerned a jury may not understand that these counts do not relate to only the crime specifically alleged in that count because they incorporate paragraph 2's list of various crimes, this can be easily cured with jury instructions.

Dominguez next contends that Counts 1, 7, 13, 18, and 22 are each duplicitous "by charging the numerous distinct and separate criminal offenses and criminal acts in its realleged and incorporated in its 'Sex Trafficking and Prostitution Scheme' Sections ¶ 7–17." *Id.* While it is not altogether clear what Dominguez is trying to argue here, it appears she is stating that the incorporation of paragraphs 7 through 17 of the Introduction, which outline all of the facts relating to the alleged "sex trafficking and prostitution scheme," cause the counts that only relate to one part of that scheme, such as Count 13, which alleges conspiracy to entice and coerce another to travel in interstate or foreign commerce for prostitution, and Count 18, which alleges conspiracy to bring in, transport, move, conceal, harbor, and shield from detection illegal aliens, to be duplicitous since facts not relating to that specific count are incorporated. Again, the Introduction provides the factual background, but these counts specifically state which crime they are alleging. Any issues with a jury

being confused as to what they should consider for each count can be cured with the jury instructions.

Dominguez similarly argues that Counts 1, 7, 13, and 22 suffer from duplicity because of the incorporation of the "Alien Smuggling" section of the Introduction (paragraphs 18 through 26). *Id.* Like with the sex trafficking and prostitution scheme section, any issue with a jury being confused as to what they should consider for each count because the facts alleged in the introduction are incorporated can be cured with the jury instructions.

Dominguez next argues that Count 1 suffers from duplicity because it charges that the defendants conspired to "'knowingly recruit, entice, harbor, provide, obtain, and maintain by any means ... and to knowingly benefit financially and receive anything of value from participation in a venture which recruited, enticed, harbored, transported, provided, obtained, and maintained ... NGL, MAVM, EMR, AP, and ABP, knowing and in reckless disregard of the fact that force, threats of force, fraud, and coercion would be used to cause NGL, MAVM, EMR, AP, and ABP to engage in commercial sex acts, and knowing and in reckless disregard of the fact that NGL had not attained the age of 18 years and that NGL would be caused to engage in a commercial sex act.'" *Id.* (quoting Dkt. 1, Count 1) (alterations in original). Count 1 is a conspiracy charge, and alleging a conspiracy with multiple objects is not duplicitous.

Dominguez next contends that Count 7 "suffers from duplicity by charging defendant with [the] offense of conspiracy and the offense of aided and abetted by each other, did knowingly transport and cause the transportation of 'MAVM, EMR, AP, ABP, and BAS' with intent that such individuals engage in prostitution, when count 7 specifically incorporated into itself counts 8–12." *Id.* Count 7 is "Conspiracy to Conduct Transportation to Engage in Prostitution." Dkt. 1, Count 7.

It states that the "unlawful conspiracy was accomplished in the manner and means alleged in paragraphs 1 through 26 of the Indictment, and Counts 8 through 12 of [the] Indictment, which are re-alleged and incorporated herein by reference." *Id.* Count 7 is a conspiracy charge, and alleging a conspiracy with multiple objects is not duplicitous. Thus, it is not inappropriate to incorporate Counts 8 through 12 as the manner and means of the alleged conspiracy.

Dominguez next argues that Count 13 "suffers from duplicity by charging defendants conspired to knowingly induce, entice and coerce others to travel." Dkt. 180. Again, since this is a conspiracy allegation, the conspiracy is the charge.

Dominguez argues that Count 18 similarly "suffers from duplicity by charging defendant with [the] offense of conspiracy and the offenses of aided and abetted by each other, did knowingly transport, move, conceal, harbor, shield from detection a certain alien within the United States, and did so in furtherance of the aliens entering or remaining in the United States in violation of law, and did so for the purpose of commercial advantage and private gain, when count 18 specifically incorporated into itself counts 19–21." Dkt. 180. Count 18 incorporates Counts 19 through 21 as the manner and means of the conspiracy. Dkt. 1. The incorporation of these counts into the conspiracy charge does not give rise to a duplicity issue because Count 18 is alleging the crime of conspiracy with the crimes in Counts 19 through 21 being the manner and means.

Dominguez asserts that Counts 18 also "suffers from duplicity by twice charging defendants conspired to knowingly transport, move, conceal, harbor, and shield from detection." Dkt. 180. Count 18 states that the charged defendants "did knowingly and intentionally combine, conspire, confederate, and agree with each other . . . to knowingly and in reckless disregard of the fact that certain aliens had come to . . . the United States in violation of the law, transport, move, conceal,

harbor, shield from detection, and conspire to transport, move, conceal, harbor, and shield from detection such aliens within the United States . . . ." Dkt. 1, Count 18. It appears Dominguez is arguing that this count charges in the conjunctive because it lists violations of the different sections in the statute—including the conspiracy section—as the manner and means of the conspiracy. The Government argues that it is permitted and encouraged to charge in the conjunctive and that this does not render a charge duplicative. Dkt. 274. The court agrees that "[i]t is well-established in this Circuit that a disjunctive statute may be pleaded conjunctively and proved disjunctively." *United States v. Haymes*, 610 F.2d 309, 310 (5th Cir. 1980) (per curiam); *see also United States v. Holley*, 831 F.3d 322, 328 (5th Cir. 2016) ("Although the indictment listed these different ways of violating § 841(a) using 'and' rather than 'or,' the Government still only had to prove that [the defendant] conspired to violate the statute in *one* of these four possible ways."). The fact that a statute uses the disjunctive and the indictment is plead conjunctively does not render the Count duplicitous.

Dominguez contends that Counts 19 and 20 suffer "from duplicity by charging [the] offense of conspiracy and the offense of aided and abetted by each other, did knowingly transport, move, conceal, harbor, and shield from detection." Dkt. 180. Count 19 is "Transporting, Moving, Concealing, Harboring, Shielding from Detection, and Conspiring to Transport, Move, Conceal, Harbor and Shield from Detection Aliens. Dkt. 1, Count 19. It charges, specifically, that "defendants herein, aided and abetted by each other, did knowingly and in reckless disregard of the fact that a certain alien had come to, entered, or remained in the United States in violation of law, transport, move, conceal, harbor, shield from detection, and conspire to transport, move, conceal, harbor, and shield from detection such alien within the United States, and did so in furtherance of the aliens entering or remaining in the United States in violation of the law, and did so for the

purpose of commercial advantage and private gain. . . . in violation of Title 8, United States . . . Code, Sections 1324(a)(1)(A)(ii), (iii) and (v), and 1324(a)(1)(B)(I)." Dkt. 1. Count 20 is the same as Count 19, except on a different date and with different codefendants and with an additional allegation in Count 20 that the defendants allegedly placed the lives and physical safety of the aliens in jeopardy. Dkt. 1. Subsection (ii) of § 1324 makes it a federal offense to knowingly or in reckless disregard transport or move or attempt to transport or move an illegal alien within the United States. 8 U.S.C. § 1324(a)(1)(A)(ii). Subsection (iii) makes it a federal offense to knowingly or in reckless disregard conceal, harbor, or shield from detection or attempt to conceal, harbor, or shield from detection an illegal alien in any place including a building or means of transportation. 8 U.S.C. § 1324(a)(1)(A)(iii). Subsection (v) prohibits conspiring to commit any of the criminal acts in subsections (i)–(iv). 8 U.S.C. § 1324(a)(1)(A)(v). The charges in Counts 19 and 20 are, thus, charges of aiding and abetting to violate § 1324(a)(1)(A), with the relevant subsections pled in the conjunctive. Pleading in the conjunctive does not render a count duplicative.

Dominguez contends that Count 22 suffers from duplicity by charging for conspiracy, aiding and abetting, and the underlying offense. Dkt. 180. Count 22 is for "Conspiracy to Import Aliens for Immoral Purposes." Dkt. 1. It alleges that this conspiracy began on January 10, 2009, and continued until May 5, 2017, and that the manner and means of the conspiracy and overt acts in furtherance of the conspiracy are alleged in the introduction and Counts 23 through 26. *Id.* Since the charge is for conspiracy, the incorporation of these other Counts into the conspiracy Count does not give rise to a duplicity issue because Count 23 alleges the crime of conspiracy and the incorporation of the other Counts simply provide the manner and means or overt acts in furtherance of that Conspiracy.

Dominguez contends that Count 27 suffers from duplicity because it charges aiding and abetting in importing BAS for the purpose of prostitution, holding BAS as an alien for the purpose of prostitution, holding BAS in pursuance of the importation of BAS into the United States for the purpose of prostitution, and keeping, maintaining, controlling, supporting, or employing BAS in pursuance of the importation of BAS into the United States for the purpose of prostitution. Dkt. 180. Count 27 is a charge of importation of alien for immoral purposes. Dkt. 1. It alleges that the charged defendants, aided and abetted by each other, violated 8 U.S.C. § 1328 and 18 U.S.C. § 2. The former, 8 U.S.C. § 1328, is the statute that makes importing aliens for immoral purposes a federal offense. 8 U.S.C. § 1328. The latter, 18 U.S.C. § 2, indicates that anyone who "aids, abets, counsels, commands, induces or procures [a federal crime's] commission, is punishable as a principal." 18 U.S.C. § 2. Dominguez's complaint appears to be that the United States charged in the conjunctive. The Government argues that it is permitted and encouraged to charge in the conjunctive and that this does not render a charge duplicative. Dkt. 274. The court agrees that the Government may charge conjunctively and that this does not render the Count duplicitous.

Because none of these counts is actually duplicitous, Dominguez's motion to dismiss duplicitous counts is **DENIED**. Additionally, even if there were issues with duplicity, a "duplicitous indictment can be cured by a limiting jury instruction." *Holley*, 942 F.2d at 928 (5th Cir. 1991).

## VI. LIMITED CONTINUING MOTION FOR DISCOVERY AND INSPECTION (DKT. 182)

Dominguez next moves for an order requiring the Government to comply with numerous different discovery requests. *See* Dkt. 182. She notes in her motion that the Government had advised that the request was moot and the Government would abide by all of its discovery requirements. *Id.*

The Government responds that it has complied and fully intends to comply with its obligations under Federal Rule of Criminal Procedure 16 and its duty to reveal exculpatory and mitigating evidence under *Brady*, *Giglio*, the Jencks Act, and the U.S. Constitution. Dkt. 274. The only specific requests made by Dominguez that the Government opposes are (1) the request to turn over a witness list to the extent it seeks more information than the name of a particular witness who is a cooperating individual or informer and to the extent it requests all addresses and phone numbers of persons with knowledge pertaining to the case as such information is not required (citing *United States v. Ortiz-Garcia*, 553 F. Supp. 2d 119, 120–21 (D.P.R. 2008)); and (2) the request for written statements of individuals that the United States does not intend to call as witnesses unless required by *Brady*, *Giglio*, the Jencks Act, or Rule 16 (citing *United States v. Carter*, 621 F.2d 238, 240 (6th Cir. 1980)). Dkt. 274. The Government argues that because the defendant is already receiving all the discovery to which she is entitled, her motion should be denied as moot. *Id.*

With regard to the Government's first objection, the court will first consider the request for more than the name of a confidential informant. "When granting or denying disclosure of the identity or location of an informant, the court's discretion is guided by three factors: (1) the level of involvement in the alleged criminal activity, (2) the helpfulness of disclosure to any asserted defense, and (3) the government's interest in non-disclosure." *United States v. Wilson*, 77 F.3d 105, 111–12 (5th Cir. 1996). The Government states that it is "opposed [to] any additional disclosure of this individual," and discusses the factors the court must balance. Dkt. 274 at 28–29 n.3. However, the Government does not provide the court with any information regarding its interest in nondisclosure. Similarly, Dominguez does not state why this information would be helpful to her defense. The court finds that it does not have enough information about this particular witness or why the

Government needs to keep his or her location confidential to rule on Dominguez's motion. Therefore, the court **DEFERS** ruling on this aspect of Dominguez's motion for discovery. The court encourages the Government and Dominguez to work together to resolve this issue. Dominguez shall advise the court within ten (10) days of the date of this ruling on the status of this issue. If it is not resolved, the court will set a hearing date for arguments.

The Government also objects to providing the addresses and phone numbers of people who have information about this case.[2] Dkt. 274 at 29. "[T]here is no constitutional right to pretrial discovery of witnesses in non-capital cases." *United States v. Aguilar*, 503 F.3d 431, 434 (5th Cir.2007) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837 (1977)). "Rule 16 . . . makes no provision for the production of the names and addresses of witnesses for the government." *United States v. Fischel*, 686 F.2d 1082, 1091 (5th Cir.1982). In certain cases, however, due process or the supervisory powers of the court may require "the divulgence of information in the government's hands." *Id.* For instance, the Government may be required to provide discovery not otherwise required by the rules if it is exculpatory or if it relates to confidential informants who have

---

[2] The only authority the Government cites to support its argument that it need not provide addresses is a case from a federal district court in Puerto Rico. In that case, the Government asserted that the names of witnesses the FBI interviewed during its investigation were not exculpatory and that the defendant already had any information that was exculpatory or may be used to impeach a witness. *United States v. Ortiz-Garcia*, 553 F. Supp. 2d 119, 119 (D.P.R. 2008). The Government also provided information it contended demonstrated an increased potential for the witnesses to be harassed and intimidated if the name and contact information were disclosed. *Id.* The court reviewed the evidence *in camera* and determined that the names and information were not evidence or exculpatory and that the defendants were thus not entitled to obtain the information under *Brady*. *Id.* The court additionally pointed out that disclosing a witness list prior to trial was not required under Rule 16 or the Jencks Act, and while the court may compel the prosecution to furnish a witness list prior to trial, it must weigh the government's reasons for nondisclosure against the defendant's showing of particularized need. *Id.* at 121. It noted that it "would also be improper to order discovery of witness lists if coercion or other harm would likely result to prospective witnesses." *Id.*

relevant and helpful information. *Id.* (citing *Weatherford*, 429 U.S. at 559; *Brady*, 373 U.S. at 83; and *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623 (1957)).

Dominguez has not provided any indication that she has a particularized need for the addresses or phone numbers of the people who have information about the case. Absent such a showing, the Government's willingness to provide a list of names is sufficient.

The Government's second objection, that it will only turn over written statements of individuals it does not intend to call as witnesses if it is required to do so under *Brady*, *Giglio*, the Jencks Act, or Rule 16, refers to Dominguez's request that the Government provide "[w]ritten statements of all persons described in Paragraph 6 who the Government does not plan to call as witnesses." Dkt. 182. Paragraph 6 requests information about persons who have knowledge pertaining to this case who the Government or its agents have interviewed. *Id.* Dominguez provides no authority for her request for these statements. The Government shall disclose any information it must disclose under Rule 16, *Brady*, *Giglio*, the Jencks Act, and the U.S. Constitution, but it is otherwise not required to provide these statements.

Dominguez's motion for discovery is **GRANTED IN PART AND DENIED IN PART**. It is, for the most part, **GRANTED AS UNOPPOSED**. However, the court **DEFERS** ruling on Dominguez's motion to the extent she requests disclosure of more than the name of the informant and **ORDERS** the parties to confer about this issue and provide the court with an update within ten days of the date of this order as discussed above. Additionally, Dominguez's request for the addresses and phone numbers of all individuals who may have information about this case is **DENIED**. Dominguez's request for written statements of all persons who have knowledge pertaining to this case who the Government does not plan to call as witnesses is **GRANTED IN**

**PART AND DENIED IN PART**.  It is **GRANTED AS UNOPPOSED** to the extent that the Government shall provide these statements if they contain information that the Government is required to disclose under Rule 16, *Brady*, *Giglio*, the Jencks Act, and the U.S. Constitution.  It is otherwise **DENIED**.

### VII.  FIRST MOTION TO EXCLUDE EVIDENCE BARRED BY EVIDENCE RULE 403. (DKT. 183)

Dominguez requests that the Government be prohibited from mentioning the type of evidence that is barred by Federal Rule of Evidence 403.  Dkt. 183.  The Government responds that it will comply with any rulings the court makes under Rule 403.  Dkt. 274 at 30.  Federal Rule of Evidence Rule 403 allows the court "to exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.  The court has not made any rulings under Rule 403 and likely will not do so until the pretrial conference or at trial.  Therefore, this motion is not yet ripe and is therefore **DENIED AS PREMATURE**.

### VIII.  FIRST MOTION TO EXCLUDE EVIDENCE BARRED BY EVIDENCE RULE 404(b) (DKT. 184)

Dominguez requests that the court prohibit the Government from mentioning evidence that is barred by Federal Rule of Evidence 404(b).  Dkt. 184.  The Government responds that it will comply with the rules, but also reserves the right to use evidence admissible under Rule 404(b)(2), upon notification to the defendant.  Dkt. 274 at 30.  Because evidence admissible under Rule 404(b)(2) is by default not barred by Rule 404(b), Dominguez's motion is **GRANTED AS UNOPPOSED**.

### IX.  Opposed Motion to Produce Tapes or CD-ROMs of Conversations Recorded by Consent or Wiretap Authorization and Bilingual Translation Transcripts Thereof (Dkt. 185)

Dominguez requests that the court order the Government to make available upon request for inspection and copying tapes or CD-ROMs of conversations recorded by consent or wiretap authorization.  Dkt. 185.  The Government responds that it intends to furnish such recordings, as well as transcriptions of recordings that are in any language other than English.  Dkt. 274 at 31.  Because the Government agrees to comply with the rules of discovery, the motion is **GRANTED AS UNOPPOSED.**

### X.  First Motion for Pretrial Notice of 404(b) Evidence (Dkt. 186)

Dominguez moves for an order requiring the Government to disclose any evidence it plans on introducing under Federal Rule of Evidence 404(b)**.**  Dkt. at 186.  The Government responds that it will comply.  Dkt. 274 at 31.  The motion is therefore **GRANTED AS UNOPPOSED**.

### XI.  Motion to Join Co-Defendants' Motions (Dkt. 187)

Dominguez moves for the court's permission to join and adopt as her own her co-defendants' non-Rule 16 motions, objections, requests, and proposed jury instructions, to the extent they apply to Dominguez.  Dkt. 187.  The Government is unopposed to this motion except that it states that any co-defendant's motion under 18 U.S.C. § 3145 requires individualized determination.  Dkt. 274.  This statute relates to detention orders, and the court agrees that Dominguez must assert any motions relating to detention on her own.  *See* 18 U.S.C. § 3145**.**  Dominguez's motion is therefore **GRANTED AS UNOPPOSED** except that Dominguez may not adopt any of her co-defendant's motions under 18 U.S.C. § 3145.

**CONCLUSION**

The motions at docket entries 179, 180, and 183, are **DENIED**. The motions at docket entries 176, 178, and 182, are **GRANTED IN PART AND DENIED IN PART**, as further explained above. The motions at docket entries 177, 184, 185, 186, and 187 are **GRANTED AS UNOPPOSED**.

Signed at Houston, Texas on May 3, 2018.

_____
Gray H. Miller
United States District Judge